Shepard v. Rhodes.

---

## HENRY H. SHEPARD, Adm'r.

### v.

## JOSHUA RHODES ET AL.

1. DISMISSAL OF APPEAL—COSTS.—Where the plaintiff in the county court brought his appeal to the superior court, it was error for the latter court, upon the call of the docket, to dismiss the appeal at the costs of the defendant below.   Costs should have been awarded against the plaintiff for want of prosecution.

2. COSTS AGAINST ADMINISTRATOR.—It is error to render a judgment for costs against an administrator in his personal character.

APPEAL from the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding.   Opinion filed March 22, 1882.

Mr. MELVILLE W. FULLER for appellant; cited Shepard v. Rhodes, 60 Ill. 301; Church v. Jewett, 1 Scam. 55; Welch v. Wallace, 3 Gilm. 490.

WILSON, P. J.   This is an appeal from a judgment of the Superior Court of Cook county, dismissing an appeal from the

county court at the costs of Shepard, defendant below and appellant here. It appears from the record that Rhodes and Rhodes & Co. filed a claim in the county court for the use of Phillips against the estate of Ricketson, of which Shepard was administrator, for $39,580.38, which was allowed at $38,845.04 to be paid out of such assets as might be discovered after the expiration of two years from the original grant of letters of administration. From that judgment Rhodes and Rhodes & Co. appealed to the superior court.

The superior court, on April 29, 1879, entered the following judgment : " And now on this day it is ordered that said appeal be and the same is hereby dismissed at defendant's cost for want of prosecution, and that a procedendo do issue herein to the court below. Therefore it is considered by the court that the plaintiffs do have and recover of and from the defendant his costs and charges in this behalf expended and have execution therefor."

This judgment is manifestly erroneous. The appeal from the county court was not taken by Shepard, the administrator but by the claimants, Rhodes and Rhodes & Co. As the record stands, the appeal is dismissed at defendant's costs, for failing to prosecute an appeal, which he did not take. Upon the call of the docket, the defendant was entitled to have the suit dismissed at the plaintiffs' costs, if the latter did not appear; or, at the defendant's election, to have the appeal dismissed with a procedendo to the court below. It does not appear that the order dismissing the appeal was made at the instance of either party, but if the court, on its own motion, saw fit to enter such order it should have awarded the costs against the plaintiffs for want of prosecution.

The judgment was also erroneous in awarding costs and execution against Shepard in his personal character.

The judgment of the court below is reversed and the cause remanded.

                    Reversed and remanded.